UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD H. CORDERO,

    Plaintiff,

v.                                           Case No. 3:23-cv-845-MMH-MCR

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.

## ORDER

Plaintiff Ronald H. Cordero, an inmate in the custody of the Florida Department of Corrections (FDOC), initiated this action by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Cordero names the FDOC as the Defendant. He alleges that officers at Union Correctional Institution broke his finger during a cell extraction on February 3, 2022. Complaint at 5. As relief, Cordero requests monetary damages. Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks

monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure,

---

[1] Cordero requests to proceed as a pauper. See Motion (Doc. 2).

2

and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

In assessing the Complaint, the Court must read Cordero's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, Cordero names one Defendant: the FDOC. Complaint at 2. State and governmental entities that are considered "arms of the state" are not "persons" subject to monetary liability within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). The FDOC is an arm of the executive branch of state government, see Fla. Stat. § 20.315, and thus is not a person for purposes of § 1983 litigation, see Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011) (holding that plaintiff's claim for damages against the FDOC, a state agency, was frivolous because state agencies are not persons subject to monetary liability under § 1983).[3] Therefore, this case will

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

be dismissed without prejudice to Cordero's right to refile his claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief against a proper defendant if he elects to do so.

Therefore, it is now

**ORDERED:**

1.   This case is **DISMISSED without prejudice**.

2.   The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of July, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 7/24
c:   Ronald H. Cordero, #D49860